W. M. RITTER LUMBER CO. v. BACON et al.

(City Court of New York, General Term.　December, 1901.)

ORDER EXTENDING TIME TO ANSWER—VACATION—EFFECT.

> Plaintiff commenced suit August 2d, and gave an undertaking and obtained an order shortening the time to answer to two days.　The summons, complaint, and order were served August 27th.　On August 28th defendant obtained an ex parte order requiring plaintiff to file security for costs, and extending the time to answer until two days thereafter, etc.　On August 30th plaintiff obtained an ex parte order vacating the order obtained by defendant as irregular, and afterwards, but before the last order could be served, defendant served his answer on plaintiff.　*Held* not served in time, the order obtained by defendant, when vacated, affording no protection to him.

Appeal from special term.

Action by the W. M. Ritter Lumber Company against Alexander S. Bacon and others.　From an order denying defendants' motion to require plaintiff to receive their answer as served in time, defendants appeal.　Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Nichols & Bacon, for appellants.

T. S. Rumney, Jr. (Herbert B. Shoemaker, of counsel), for respondent.

SCHUCHMAN, J.　This action was begun on August 2, 1901, and the plaintiff on that day gave an undertaking under section 3165 of the Code, and thereupon obtained an order shortening de-

fendants' time to answer in two days. On the 27th day of August, 1901, the summons and complaint, together with a copy of the said order, were served upon the defendant Bacon. On August 28, 1901, defendant Bacon obtained, ex parte, an order requiring the plaintiff to file security for costs, extending his time to answer until two days thereafter, and staying the plaintiff meanwhile. On August 30, 1901, plaintiff obtained an order ex parte vacating the said order obtained by the appellant ex parte on the 28th day of August, 1901. After the granting of this order, and after information that it was granted, and that their own order was thus vacated, had come to the knowledge of the defendant Bacon and his attorneys, but before the order could be served, defendant Bacon, on September 3, 1901, served his answer on plaintiff's attorney. This was immediately returned on the ground that the same was not served in time. At the time of such return the appellant was served with the said order of August 30, 1901, vacating his order of August 28, 1901. Thereafter the appellant made a motion to compel plaintiff to accept his answer as served in time, which motion was denied, and from the order deny-ing said motion defendant Bacon appeals to this court.

The motion was opposed on the ground that defendant Bacon was clearly in default, and that his relief lay in a motion to open the default. The respondent contends that the order of August 28, 1901, compelling it to file security for costs, and extending appellants' time to answer until the service of the undertaking for that purpose, and staying all proceedings in the meantime, fell immediately upon the signing of the order of August 30th vacating it, and the defendants are plainly in default. The appellants contend that their order of August 28, 1901, was effective and remained in force up to the time that he was served with the order of August 30, 1901, vacating the same, and that as such service was not effective until the 3d day of September, 1901, subsequent to his having served his answer, such answer was served in time, or, in other words, that the vacatur was not effective until served. We think the contention of the respondent to be the correct one. It has been held that, where an irregular order has been vacated, it is held to be the same as though it never existed, and for that reason it afforded no protection to the acts which may have been performed under it. Farnsworth v. Telegraph Co. (Sup.) 6 N. Y. Supp. 735. The appellant concedes that the order of August 28th was irregular. Order appealed from is affirmed, with costs and disbursements.

Order affirmed, with costs. All concur.